IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE SAN MIGUEL-LIMON[1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-11 |
| | § | CRIM. ACTION NO. 1:15-177-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 25, 2021, Petitioner Guadalupe San Miguel-Limon filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. San Miguel-Limon's petition is untimely filed and substantively meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On March 10, 2015, the grand jury indicted San Miguel-Limon on one count of illegally re-entering the United States after being been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. San Miguel-Limon, Criminal No. 1:15-177-1, Dkt. No. 2 (J. Hanen presiding) [hereinafter CR]. The maximum sentence for such an offense, under the statute, was ten years. 8 U.S.C. 1326(b)(1).

---

[1] The Plaintiff's petition identifies him as Guadalupe San Miguel, but he was indicted and convicted under the name Guadalupe San Miguel-Limon. For the sake of consistency, the Court will refer to the name used in his criminal case.

On May 20, 2015, San Miguel-Limon pled guilty to the sole count in the indictment, but did not enter into a plea agreement with the Government. CR Dkt. No. 11.

### 2. Presentence Report

In the final presentence report ("PSR"), San Miguel-Limon was assessed a base offense level of eight. CR Dkt. No. 14, p. 5. He was also assessed a 16-level enhancement because his prior removal followed a conviction for a crime of violence, namely a 2003 Texas state conviction for robbery. Id.[2] He was afforded a three-level reduction for acceptance of responsibility. Id. Thus, San Miguel-Limon was assessed a total offense level of 21. Id.

Regarding his criminal history, San Miguel-Limon had 19 adult criminal convictions and was assessed 16 criminal history points. CR Dkt. No. 14, pp. 6-14. He was assessed an additional two criminal history points because he was on federal supervised release when he committed the instant offense. Id. Thus, he was assessed 18 total criminal history points, resulting in a criminal history category of VI. An offense level of 21 and criminal history category of VI, produced a sentencing guideline imprisonment range of 77 to 96 months.

### 3. Sentencing

No objections were filed to the PSR.

On August 24, 2015, the Court sentenced San Miguel-Limon to 78 months imprisonment, and three years of supervised release. CR Dkt. No. 24.

---

[2] The 2014 Sentencing Guidelines Manual was used to calculate San Miguel-Limon's offense conduct, criminal history score and guideline sentencing range. CR Dkt. No. 14, p. 5; see also 18 U.S.C. § 3553(a)(4)(A)(ii) (instructing courts to consider the sentencing range provided by the Sentencing Guidelines that "are in effect on the date the defendant is sentenced"). There have been significant amendments to the sentencing guidelines for illegal reentry offenses since San Miguel-Limon was sentenced. Thus, while the maximum sentence under the applicable section of the statute remains unchanged, this particular sentencing enhancement is no longer part of the Sentencing Guidelines. U.S.S.G. § 2L1.2.

**4. Direct Appeal**

On August 27, 2015, San Miguel-Limon timely filed a notice of appeal. CR Dkt. No. 20.

On December 1, 2015, San Miguel-Limon's appellate counsel filed an Anders[3] brief, stating that there were no non-frivolous appealable issues. San Miguel-Limon v. U.S., Case. No. 15–41167 (5th Cir. 2019); CR Dkt. No. 26. Appellate counsel also filed a motion to withdraw. Id. San Miguel-Limon did not file a response to the brief or the motion to withdraw.

On April 20, 2016, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." CR Dkt. No. 32. Accordingly, the Fifth Circuit dismissed the appeal. Id.

San Miguel-Limon did not file a petition for writ of certiorari with the Supreme Court. San Miguel-Limon had 90 days in which to file that petition; that deadline expired on July 19, 2016. SUP. CT. R. 13.1. Thus, San Miguel-Limon's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On January 25, 2021, four years after his judgment became final, San Miguel-Limon filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

San Miguel-Limon makes one overarching claim: that he should not have been assessed a 16-level enhancement for being deported after committing a crime of violence. Dkt. No. 1. He argues that he was not the "perpetrator" of the crime, but was convicted under the "law of parties," rendering his conviction ineligible to be a crime of violence.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

---

[3] Anders v. California, 368 U.S. 738 (1967).

## II. Applicable Law

### A. Section 2255

San Miguel-Limon seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action

4

or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing San Miguel-Limon's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support San Miguel-Limon's claim.

### A. Timeliness

San Miguel-Limon's § 2255 motion is untimely filed and should be dismissed.

As previously noted, the Fifth Circuit dismissed San Miguel-Limon's appeal on April 20, 2016. CR Dkt. No. 32. San Miguel-Limon did not file a petition for writ of certiorari with the Supreme Court. San Miguel-Limon had 90 days in which to file that petition; that deadline expired on July 19, 2016. SUP. CT. R. 13.1. Thus, San Miguel-Limon's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

The statutory deadline began to run when his conviction became final. As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

5

San Miguel-Limon's claim is clearly untimely under the former deadline. He had until July 19, 2017 to timely file his petition under § 2255(f)(1). He did not file until January 2021, over three years later.

The latter deadline is inapplicable to this case, because the factual predicate for this claim – the 16-level sentencing enhancement– was available to San Miguel-Limon when the written judgment was released.

He may not have fully understood the implications of the written judgment until he entered federal custody, but the limitations period is not based on when San Miguel-Limon understood the import of the factual predicate, or even when San Miguel-Limon had possession of the judgment. See Saenz v. U.S., No. CR M-03-498-10, 2013 WL 12404976, at *3 (S.D. Tex. Feb. 22, 2013) ("Section 2255(f)(4) refers to the discovery of the factual predicate of the claim, not the discovery of the legal theory or the legal significance of the facts"); Osborne v. Hall, 934 F.3d 428, 432 (5th Cir. 2019) (one-year clock begins running on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim.").

Accordingly, San Miguel-Limon should have been aware of the factual predicate — with due diligence — on August 24, 2015, when he was sentenced. CR Dkt. No. 24. His petition is not timely under § 2255(f)(4).

Furthermore, there is no basis in the record for equitable tolling. San Miguel-Limon states that he would have filed his petition in February 2020, but various COVID-19 restrictions prevented him from being able to mail it. Dkt. No. 1, pp. 4-5. Even assuming that this is true, the petition would still have been untimely filed for over a year. Equitable tolling requires that San Miguel-Limon pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). San Miguel-Limon is required to show that he exercised "reasonable diligence[.]" He is not required to prove "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010). Nevertheless, under any standard, San Miguel-Limon failed to exercise the required diligence.

There is no evidence in the record that San Miguel-Limon did anything to diligently pursue his rights within the statutory one year period to prepare and file his petition.

In short, San Miguel-Limon has not demonstrated reasonable diligence; for this reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.

Accordingly, San Miguel-Limon's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Sentencing Enhancement

In analyzing San Miguel-Limon's petition, the Court notes that his claim is not cognizable on collateral review and, further, is substantively meritless.

#### 1. Not Cognizable

The Court begins by noting that a claim which involves a technical application of the guidelines is not cognizable in a § 2255 petition. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992). Actions that amount to a technical application of the guidelines are defined by the case law. See, e.g., Vaughn, 955 F.2d at 368; U.S. v. Williamson, 183 F.3d 458, 461 (5th Cir. 1999) (issue of whether career offender sentencing enhancement properly applied was a technical application of the Guidelines); U.S. v. Rodriguez-Castro, 814 F. App'x 835, 838 (5th Cir. 2020) (same); U.S. v. Smith, 170 F.3d 184 (5th Cir. 1999) (relevant conduct finding regarding drug weight was a technical application of the Guidelines); U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (error in calculating sentence was a technical application of the Guidelines); Hawkins v. U.S., 706 F.3d 820 (7th Cir. 2013) (technical errors in calculating guideline sentencing range are not cognizable on collateral attack after U.S. v. Booker, 542 U.S. 220 (2005) made the guidelines advisory).

A claim that his robbery conviction should not be considered a crime of violence would similarly be a technical application of the guidelines. See Thompson v. U.S., 2017 WL 3405528, at *2 (N.D. Tex. Aug. 7, 2017) (sentencing enhancement for prior conviction for crime of violence is not cognizable in § 2255 petition). Thus, this claim is not cognizable on collateral attack.

**2. Legally Frivolous**

Furthermore, the claim is legally frivolous. In analyzing whether the 2003 robbery conviction was a crime of violence, the Court does not consider whether San Miguel-Limon was convicted under the law of parties. Rather, it uses the categorical approach, where it compares the state statute that San Miguel-Limon was convicted of violating with the "generic" definition of robbery. U.S. v. Fuentes-Canales, 902 F.3d 468, 474 (5th Cir. 2018). Thus, the exact circumstances of the crime are not controlling or legally relevant.[4] See Munoz-Rivera v. Wilkinson, 986 F.3d 587, 591 (5th Cir. 2021) ("The categorical approach focuses on the inherent nature of the crime, as defined in the statute rather than the circumstances surrounding the particular transgression") (cleaned up).[5]

The Fifth Circuit has already held that the Texas robbery statute is equivalent to the generic definition of robbery and is a crime of violence under the Sentencing Guidelines. U.S. v. Govea-San Roman, 754 F. App'x 304 (5th Cir. 2019). This claim is meritless and should be denied.

**IV. Recommendation**

It is recommended that the Petitioner Guadalupe San Miguel-Limon's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

**A. Certificate of Appealability**

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. §

---

[4] The Court notes for the record that the PSR reported that San Miguel-Limon entered a beauty salon, held the owner at gunpoint, took over $3,000 and fired two shots, one of which entered a nearby mobile home that had two children inside. CR Dkt. No. 14, p. 10. San Miguel-Limon was clearly the primary "perpetrator" of that offense.

[5] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing San Miguel-Limon's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although San Miguel-Limon's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.

If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on March 10, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge